UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William H. Cook, III,                                         Case No.   3:23-cv-2214

        Plaintiff,

    v.                                                              MEMORANDUM OPINION
                                                     AND ORDER
Colette Peters, *et al.*,

        Defendants.

### I.     BACKGROUND

*Pro se* Plaintiff William H. Cook, III has filed an *in forma pauperis* complaint in this case against multiple defendants, alleging he received inadequate medical care while incarcerated at FCI Ashland in Ashland, Kentucky.   He sues the Federal Bureau of Prisons ("BOP"), BOP Director Colette Peters, the Warden of FCI Ashland, and BOP and FCI Ashland health services employees.   (*See* Doc. No. 1 at 2-3.)

In his complaint, Plaintiff states that "Defendants created unconstitutional conditions of confinement in violation of the Eighth Amendment" by failing to provide him adequate medical care. (*Id.* at 4).   Specifically, he complains: that upon his arrival to FCI Ashland, he was seen only by a medical practitioner and not a doctor; that prison staff changed his diabetes medication and discontinued other more effective medications he had been previously prescribed without properly assessing his medical history of prostate cancer, diabetes, and hypertension; and that he was provided inappropriate and inadequate treatment for Covid-19.   (*Id.* at 7, 9).

He seeks compensatory and punitive damages on the basis of "Defendants' reckless disregard" of his medical conditions and "failure to act with ordinary and reasonable prudence" in connection

with his medical care. (*Id.* at 6). Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2) is granted. For the reasons stated below, I dismiss his complaint.

## II.   DISCUSSION

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints and to dismiss *sua sponte* before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard for determining a motion to dismiss under Rule 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Further, although *pro se* complaints are entitled to liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even *pro se* plaintiffs must satisfy basic pleading requirements and courts are not required to conjure allegations or construct claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Upon review, I conclude Plaintiff's complaint must be dismissed. Even liberally construed, it fails to state a plausible claim upon which he may be granted relief.

First, Plaintiff does not allege how any individual defendant was personally involved in the conduct that forms the basis of his claim. He merely generally alleges that "Defendants" and "medical staff" provided him inadequate medical treatment. (*See* Doc. No. 1 at 7, 9). Where a plaintiff merely lists individuals in the caption of his complaint but fails to allege facts in the body of his complaint indicating each defendant's personal involvement in the rights violation he alleges, his complaint is subject to dismissal even under the liberal standard accorded *pro se* plaintiffs. *Gilmore v.*

*Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). *See also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the vehicle by which individuals may recover money damages for injuries suffered as a result of a federal agent's violation of constitutional rights, is properly asserted only against individual federal employees. Therefore, Plaintiff has no plausible *Bivens* claim against the BOP, or BOP and FCI Ashland officials or employees in supervisory roles on the basis of *respondeat superior*. *See Okoro v. Scibana,* 63 F. App'x 182, 184 (6th Cir. 2003).

Second, Plaintiff's allegations are insufficient to support a plausible Eighth Amendment claim related to his medical care. In order for a prisoner to state an Eighth Amendment claim with respect to his medical care, he must demonstrate "both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). He must demonstrate he had a medical condition that posed a "substantial risk of serious harm" to him (the objective component), and that the defendant prison official in question was "deliberately indifferent" to that risk (the subjective component). *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To demonstrate the required subjective component of a claim, a plaintiff must "allege facts which, if true, show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).

Plaintiff's complaint does not allege facts that support a plausible inference that any individual defendant acted with the requisite subjective state of mind necessary to demonstrate deliberate indifference because he has not identified any action that any specific individual undertook.

Further, in the medical context, "'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012), (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). And a prisoner's disagreement with the testing and treatment he receives does not rise to the level of a constitutional violation. *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim").

Plaintiff's complaint on its face indicates he was seen and treated by prison staff and received some medical care and treatment. Although he is dissatisfied with the treatment he received, and even if his care could be characterized as negligent or to constitute medical malpractice under state tort law, his complaint fails to demonstrate that any individual defendant was "deliberately indifferent" to his medical needs within the meaning of the Eighth Amendment. *See Westlake v. Lucas*, 527 F.2d 857, 860 n.5 (6th Cir. 1976) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").

### III. CONCLUSION

Accordingly, for the reasons stated above, I dismiss Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). I further certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

                                               s/ Jeffrey J. Helmick
                                               United States District Judge